

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00349-CV

IN THE INTEREST OF B.F., A CHILD

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 74,494-C, Honorable Jack M. Graham, Presiding

April 30, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

B.F.'s parents appeal an order terminating their parental rights. Father's attorney filed an *Anders* brief in which she certifies there is no reversible error. So too did she file a motion to withdraw. Mother filed a brief raising two issues. We affirm.

***Father's Appeal***

Father appeals the order terminating his rights to B.F. His appointed counsel filed a motion to withdraw, together with an *Anders*[1] brief in support of it. In the latter, counsel certified that she diligently searched the record and concluded that the appeal was without merit. Appellate counsel also filed a copy of a letter sent to Father informing him of his

---

[1] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

right to file a pro se response. Father was also provided a copy of the appellate record, according to counsel's letter. By letter dated January 19, 2021, this court notified Father of his right to file his own brief or response no later than February 8, 2021. The deadline assigned has lapsed with neither a response nor a request to extend the time to respond being filed.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed two potential areas for appeal involving 1) the sufficiency of the evidence to support termination and 2) whether caselaw supported termination. Counsel's discussion encompassed the sufficiency of the evidence underlying both the trial court's affirmative (D) and (E) findings and finding that termination was in the best interests of the child. Upon discussing the potential areas of appeal, counsel concluded that none provided arguable issues. We too reviewed the appellate record in search of arguable issues for appeal and none were found.

Per *In re N.G.*, 577 S.W.3d 230 (Tex. 2019) (per curiam), we also conducted an independent review of the evidence underlying the trial court's findings that termination was warranted under § 161.001(b)(1)(D) and (E) of the Texas Family Code. *See In re L.G.*, 596 S.W.3d 778, 780–81 (Tex. 2020) (per curiam) (holding that the court of appeals erred by not detailing its analysis on (D) and (E) as required by *In re N.G.*). The evidence illustrated that: 1) Father abused controlled substances (namely, methamphetamine) since B.F. was approximately two years old (the child was 11 at trial); 2) his abuse of methamphetamine resulted in assaultive behavior towards Mother while B.F. was present; 3) he ultimately pointed a gun in the direction of Mother, B.F., and another child, A.S.; 4) he was convicted of aggravated assault and sentenced to nine years in prison; 5) he also was charged with and convicted of federal drug crimes; and 6) his release from

prison will likely not occur until he serves at least fifteen years. Combined, this evidence is both legally and factually sufficient to support termination based on (D) and (E). *See In re V.A.*, No. 07-17-00413-CV, 2018 Tex. App. LEXIS 1521, at *10 (Tex. App.—Amarillo Feb. 27, 2018, no pet.) (mem. op.) (stating that a parent's continued use of drugs demonstrates an inability to provide for the child's emotional and physical needs and need for a stable environment); *In re S.H.*, No. 07-15-00177-CV, 2015 Tex. App. LEXIS 9731, at *8 (Tex. App.—Amarillo Sept. 16, 2015, no pet.) (mem. op.) (stating that "[f]rom the evidence presented, the trial court reasonably could have reached a firm conviction [that mother] had pursued a course of conduct, through her chronic drug use, that endangered [infant son's] physical and emotional well-being" which warranted termination under § 161.001(b)(1)(E)). Thus, we concur with counsel's representation that Father's appeal is meritless.

### Mother's Appeal

### Issue One — Section 201.005 of Family Code

Through her first issue, Mother argues that the associate judge erred "by failing to return this case to the referring court for trial on the merits" after the Department timely filed an objection pursuant to Family Code section 201.005. We disagree and overrule the issue.

Section 201.005(c) states that:

> A party must file an objection to an associate judge hearing a trial on the merits or presiding at a jury trial not later than the 10th day after the date the party receives notice that the associate judge will hear the trial. If an objection is filed, the referring court shall hear the trial on the merits or preside at a jury trial.

TEX. FAM. CODE ANN. § 201.005(c) (West 2020).  Here, the Department included in its original petition for termination, under the heading **"Objection to Assignment of Case to Associate Judge,"** an objection "to the assignment of this matter to an associate judge for a trial on the merits or presiding at a jury trial."  According to Mother, she relied on the Department's objection and asserts this matter was required to be heard by the referring court.[2]  Because it was not, Mother argues she is entitled to a new trial on the merits before the referring court.

First, only counsel for the Department made an objection to the associate judge hearing the case.  Mother did not contend, nor does the record reflect, that she joined in or adopted the objection.  She simply relied on the statute's language in arguing that the transferor court should have heard the case.  Yet, for a complainant to preserve error on appeal, "the record must show that . . . [his or her] complaint was made to the trial court by a timely request, objection, or motion."  TEX. R. APP. P. 33.1(a)(1).  Furthermore, "[o]ne party may not use another party's objection to preserve an error where the record does not reflect a timely expression of an intent to adopt the objection."  *Daniels v. Yancey*, 175 S.W.3d 889, 892 (Tex. App.—Texarkana 2005, no pet.) (citing *Scott Fetzer Co. v. Read*, 945 S.W.2d 854, 871 (Tex. App.—Austin 1997), *aff'd*, 990 S.W.2d 732 (Tex. 1998)); *accord In re G.M.G-U.*, No. 06-16-00075-CV, 2017 Tex. App. LEXIS 2256, at *38 n.9 (Tex. App.—Texarkana Mar. 16, 2017, pet. denied) (mem. op.) (stating the same). Since Mother neither invoked § 201.005(c) nor adopted the Department's invocation of same, she has not preserved the issue for review.

---

[2] Mother did not cite us to anything of record indicating that she "relied" on the Department's objection and, therefore, withheld her own.

Second, the record further reflects that Mother uttered no complaint about the associate judge trying the matter until she filed her amended motion for new trial. By that time, the associate judge had completed his trial and rendered a decision. So too had the referring court signed and approved the final order of termination. These circumstances too raise a barrier to Mother's complaint. We allude to the timeliness aspect of the rules about preserving complaints for review. It requires the complainant to raise his objection at the first or earliest opportunity available so that the trial court has the chance to consider it. *See Mohamed Ahmed El-Rayes v. Jong Lee*, No. 05-19-00881-CV, 2020 Tex. App. LEXIS 10395, at *9–10 (Tex. App.—Dallas Dec. 30, 2020, no pet.) (mem. op.). This requirement has no greater importance than in a proceeding to end parental rights. Indeed, our Legislature intended that such cases be expeditiously resolved, thereby furthering the child's interest in a final decision and placement in a safe and stable home. *In re L.M.I.*, 119 S.W.3d 707, 710–11 (Tex. 2003). To wait until after the final judgment is signed to complain about a particular court adjudicating the dispute hardly fosters that legislative intent. Rather, it provides opportunity for gamesmanship and invites litigants to take a "wait and see" approach before complaining. If they win, there is no need to complain. If they lose, then 1) complain, 2) cause all that transpired to be for naught, and 3) obtain another bite at the proverbial apple. Such tactics are not favored. *See Ward v. Lamar Univ.,* 484 S.W.3d 440, 450 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (observing that no litigant should feel free to gamble on winning a favorable ruling on the merits while concealing alleged issues in the event of a loss). Mother's first opportunity to complain about the associate judge trying the matter arose no later than when the associate judge called the case for trial. Having said nothing then, she lost her chance to object about it on appeal. To hold otherwise here would be to risk

5

rewarding potential gamesmanship, condone delay, and thwart legislative intent urging the expeditious disposition of termination suits.

### *Issue Two—Sufficiency of the Evidence to Support Best Interest*

Through her second issue, Mother argues that the evidence was insufficient to support the trial court's finding that termination was in B.F.'s best interest. We disagree and overrule the issue.

Texas Family Code section 161.001(b) permits termination of parental rights if clear and convincing evidence illustrates that a parent engaged in one or more of the enumerated grounds for termination and that termination is in the best interest of the child. *In re N.G.*, 577 S.W.3d at 232. Because Mother challenges only the court's best interest finding, she implicitly concedes that sufficient evidence supports the findings underlying the statutory grounds for termination.[3] Moreover, that evidence may be considered in assessing the best interests of the child.

In determining the best interest of a child, courts apply the *Holley* factors to shape their analysis. *See Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). They include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the

---

[3] Pursuant to the Texas Supreme Court opinion in *In re N.G.*, we generally review the trial court's findings under section 161.001(b)(1)(D) and (E) when challenged. This is so because of the potential future consequences to a parent's parental rights concerning another child. *In re N.G.*, 577 S.W.3d at 235–37. Here, Mother's use of drugs and alcohol including overdoses and her unwillingness to stop using same is sufficient evidence establishing § 161.001(b)(1)(D) and (E) of the Texas Family Code. *See In re B.C.A.*, No. 07-20-00258-CV, 2021 Tex. App. LEXIS 58, at *6 (Tex. App.—Amarillo Jan. 6, 2021, no pet.) (mem. op.); *see also In re V.A.*, 2018 Tex. App. LEXIS 1521, at *10 (stating that a parent's continued use of drugs demonstrates an inability to provide for the child's emotional and physical needs and a stable environment warranting termination).

individuals seeking custody of the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* These factors are not exclusive. Nor does the absence of evidence proving one or more of them *ipso facto* preclude a finding that the child's best interests favor termination if the existing evidence of record nonetheless supports that conclusion. *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). We further note as a factor meriting consideration the old adage about history repeating itself. That is, a trier of fact may measure a parent's future conduct by his past acts. *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied). That said, we turn to the record.

It shows Mother has a significant history of domestic violence, drug and alcohol use, and untreated mental health issues. B.F. was present during instances where these issues showed themselves. Such, alone, may support a finding that termination is in the best interest of the child. *In re L.G.R.*, 498 S.W.3d 195, 204 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (noting parent's drug use supports a finding that termination is in best interest of the child). Yet, there is more. The Department also introduced evidence of Mother's criminal activity, her multiple (6) attempted suicides and ensuing psychiatric hospitalizations related thereto, her bipolar disorder which can negatively impact the life of her offspring, her penchant for mix her medications with alcohol, her desire to have a continuing relationship with Father despite his violent conduct and imprisonment, her deceit regarding her desire for a relationship with Father, her extensive history of emotional instability, her personality disorder, and her history of relationship instability. According to one witness, her mental condition involved "core characterological

7

problems" normally requiring "extensive and ongoing intervention for there to be significant change."

Again, B.F. was approximately eleven years old at the time of trial and had witnessed and felt the effects of his parents' activities for much of his life. He also exhibited physical and verbal aggression and overall defiance. According to one witness, children exposed to repeated episodes of domestic violence exhibit oppositional behavior. At time of trial, he resides with and has bonded to his grandmother. They live in Illinois, and at that locale, he receives counseling to ameliorate his aggression. Progress has been slow, but he has experienced improvement. Evidence also indicated that he sought security and safety and found same living with his grandmother. Consequently, the child did not want to return to Texas and resume living with Mother. He has also developed friendships in Illinois and is flourishing in school while there.

Based on the foregoing evidence, we find the evidence clear and convincing and more than sufficient to enable a fact-finder to form a firm conviction and belief that terminating Mother's parental rights was and is in B.F.'s best interest. Thus, the evidence supporting the trial court's decision is both legally and factually sufficient.

Having overruled Mother's issues and having found no arguable error in Father's appeal, we affirm the judgment terminating their parental rights to B.F.[4]

Per Curiam

---

[4] We call counsels' attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review. Father's counsel has filed a motion to withdraw, on which we will take no action. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).